## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR FREEMAN** | : | **CIVIL ACTION** |
| *Petitioner-pro se* | : | |
| | : | **NO. 13-6201** |
| **v.** | : | |
| | : | |
| **JOHN KERESTES,** *et al.*, | : | |
| *Respondents* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                   APRIL 20, 2015

## MEMORANDUM OPINION

### INTRODUCTION

Petitioner Omar Freeman ("Petitioner"), a state prisoner proceeding *pro se,* filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. [ECF 1]. This petition was referred to United States Magistrate Judge Elizabeth T. Hey for a *Report and Recommendation* ("R&R") in accordance with 28 U.S.C § 636(b) and Local Civil Rule 72.1.IV(c). [ECF 2]. On November 19, 2014, Magistrate Judge Hey submitted an R&R, which recommended that the petition for a writ of *habeas corpus* be denied. [ECF 17]. On December 31, 2014, Petitioner filed objections to the R&R. [ECF 22]. Consequently, the matter is ripe for consideration.

Upon a thorough and independent review of the administrative record and all the court filings, for the reasons stated herein, this Court overrules Petitioner's objections, and approves and adopts the Report and Recommendation submitted by Magistrate Judge Hey.

### BACKGROUND

The factual background and procedural history are set forth in the R&R and will not be repeated here in their entirety. However, the facts pertinent to Petitioner's objections, taken from the PCRA opinion submitted by the Pennsylvania Superior Court, are summarized as follows:

On October 16, 2007, Petitioner, who was on parole and subject to weekly reporting, failed to report to his supervising agent as scheduled. When the agent went to Petitioner's registered and approved residence, the agent was told that Petitioner no longer lived there. On October 25, 2007, Petitioner was declared delinquent and a warrant was issued for his arrest.

Around March 22, 2008, another agent learned through a confidential informant that Petitioner was living in a third floor apartment located at 819 Wynnewood Road in Philadelphia. Surveillance was set up at the address, and on March 28, 2008, Petitioner was observed leaving through the main door of said apartment building, locking the door as he left and then entering the passenger side of a waiting silver Pontiac. Agents followed Petitioner to Lankenau Hospital where Petitioner was arrested. Upon the arrest, the agents recovered the key to the 819 Wynnewood Road apartment and $1,207.00 in Petitioner's possession. While being transported, Petitioner stated, "Fuck parole. I will be in and out of prison. This is nothing. Fuck parole. I'm my own man. I don't follow no rules. I do whatever the fuck I want." When told that the agents were going to search his home, Petitioner replied, "I don't give a fuck."

Agents returned to 819 Wynnewood Road, and used the keys taken from Petitioner to access the third floor apartment. While inside the apartment, agents observed pictures of Petitioner, a gun between a mattress and box spring, a baggie on a table with a razor blade inside of it, and a digital scale. A search warrant was then obtained and the apartment was again searched. Various pieces of evidence were recovered and introduced against Petitioner at his trial.

At trial, Petitioner unsuccessfully sought to suppress the evidence that was obtained from the apartment. He was found guilty of possession of a firearm by a prohibited person, possession of a firearm with an obliterated serial number, and possession with intent to deliver a controlled substance. On December 17, 2008, he was sentenced to serve an aggregate term of nine to eighteen years in prison.

Petitioner filed a direct appeal to the Pennsylvania Superior Court, and on December 15, 2009, the trial court's judgment and sentence was affirmed. On January 13, 2011, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. On March 15, 2011, Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), and presented his suppression and sentencing arguments as claims of ineffective assistance of counsel. Petitioner's later appointed PCRA counsel filed a no-merit letter. The PCRA court denied Petitioner's petition. On March 13, 2013, the Superior Court affirmed the denial of Petitioner's PCRA petition and concluded that Petitioner's claims for ineffective assistance of counsel and the challenges to the search and sentence were without merit.

2

On October 23, 2013, Petitioner filed the instant federal *habeas corpus* petition. Magistrate Judge Hey issued an R&R thoroughly addressing each of Petitioner's *habeas* claims and recommending that the petition be denied. Petitioner filed objections to the R&R and argued that the Magistrate Judge (1) incorrectly found that the challenge to the state court's denial of his motion to suppress evidence is barred from *habeas* review by the matter of *Stone v. Powell*, 428 U.S. 465 (1976); and (2) erroneously concluded that the challenge to the discretionary aspect of his sentence is not cognizable on *habeas* review.

## LEGAL STANDARD

Where objections to an R&R are filed, the court must conduct a *de novo* review of the contested portions of the R&R, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 607 (3d Cir. 1984). In its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. §636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7.

## DISCUSSION

In his first objection, Petitioner argues that the Magistrate Judge incorrectly found that the challenge to the state court's denial of his motion to suppress evidence is barred from *habeas* review by *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner's objection is without merit.

Since the Supreme Court's decision in *Stone*, it is well-settled that Fourth Amendment suppression claims are generally barred from federal collateral review. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner

may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 489; *see also Marshall v. Hendricks*, 307 F.3d 36, 81 (3d Cir. 2002). Though the *Stone* Court did not expressly articulate what a full and fair opportunity to litigate entails, the Third Circuit Court of Appeals has interpreted the concept of an "opportunity for full and fair litigation" to require only that no structural defect in the system prevents state courts from hearing a petitioner's Fourth Amendment claim. *See Marshall*, 307 F.3d at 82; *Coley v. Nash*, 2007 WL 2727223, at *3 (D. Del. Sept. 17, 2007) ("In the Third Circuit, a petitioner can avoid the *Stone* bar only by demonstrating that the state system contains a structural defect that prevented full and fair litigation of the Fourth Amendment claim."). The Third Circuit has found that the "opportunity for full and fair litigation" requirement is satisfied when the state courts provided an opportunity for a pretrial suppression motion and the Superior Court considered the Fourth Amendment claim on appeal. *United States ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978) (finding *Stone* to be "an insurmountable obstacle to habeas corpus relief" where state courts afforded a full and fair opportunity to litigate the Fourth Amendment claim). The Third Circuit has made clear that a state court's allegedly erroneous resolution of a petitioner's suppression claim does not amount to the denial of an opportunity for full and fair litigation of that claim. *Id.* (holding that the state court decision, "even if erroneous, [is] beyond Article III review" once the federal court is satisfied that a full and fair opportunity for state litigation was available).

Here, Petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claims. The constitutionality of the search and seizure claim was initially considered during a suppression hearing by the trial court, and then by the Superior Court on direct appeal. As such, Petitioner availed himself of the opportunity to challenge the legality of

the search and seizure in both the lower state court and appellate court.  Accordingly, federal *habeas corpus* relief may not be granted on this ground.  *See Stone*, 428 U.S. at 494; *Marshall*, 307 F.3d at 81; *Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994) ("Even otherwise potentially meritorious Fourth Amendment claims are barred on habeas when the petitioner had a full and fair opportunity to litigate them."); *Reinert v. Larkin*, 211 F.Supp.2d 589, 597 (E.D. Pa. 2002) ("Even if a federal court believes that the claim was wrongly decided by the state court, *Stone v. Powell* precludes reexamination of the state court's determination that no Fourth Amendment violation occurred as long as there was a full and fair opportunity to litigate the claim.").  Therefore, Petitioner's objection is without merit and is overruled.

Though the holding in *Stone* does not extend to Sixth Amendment claims of ineffective assistance of counsel based on incompetent representation with regard to Fourth Amendment issues, *see Kimmelman v. Morrison*, 477 U.S. 365, 378 (1986), Petitioner's ineffective assistance of counsel claim premised on his counsel's alleged failure to challenge on appeal the trial court's finding of reasonable suspicion is also without merit.  As laid out in the R&R, the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standards of review of state court judgments raised in federal *habeas corpus* petitions filed under 28 U.S.C. §2254.  *Werts v. Vaughn*, 228 F.3d 178, 195 (3d Cir. 2000).  AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts.  *Id.* at 196.  In addition, pursuant to §2254(d), a *habeas corpus* petition may only be granted if the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

To establish that a state court decision was "contrary to" federal law, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court may only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 890. Further, factual determinations made by the state court are "presumed to be correct." 28 U.S.C. §2254(e)(1). A petitioner may only rebut this presumption with "clear and convincing evidence" of the state court's error. *Id*. Consequently, a *habeas* petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

When addressing the merits of ineffective assistance of counsel claims on *habeas* review, the "clearly established federal law" applicable to such claims is the familiar two-pronged inquiry articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To sustain a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient and that this deficient performance prejudiced the defense. *Id*. at 687. Prejudice has been defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687; *see also Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) ("[A] petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different."). The

court must defer to counsel's tactical decisions, avoiding "the distorting effects of hindsight," and give counsel the benefit of a strong presumption of reasonableness. *Id.* at 689; *Gov't of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1431 (3d Cir. 1996).

It is well-settled that counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Ross v. Dist. Att'y of Allegheny Cty.*, 672 F.3d 198, 211 n. 9 (3d Cir. 2012) Thus, "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the [petitioner] must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman*, 477 U.S. at 375.

In addressing Petitioner's claim of ineffective assistance of counsel, the Superior Court applied the applicable Pennsylvania test for ineffective assistance of counsel claims. In his *habeas* petition, Petitioner advances no argument that the Superior Court decision affirming the denial of PCRA relief is contrary to extant United States Supreme Court precedent. As such, Petitioner does not argue, nor can he, that the ineffective assistance test applied by the state court was inconsistent with the test established in *Strickland* and developed in its progeny. Moreover, the Third Circuit Court of Appeals has held that "a state court decision that applied the Pennsylvania test did not apply a rule of law that contradicted *Strickland* and was thus not 'contrary to' established Supreme Court precedent." *Rompilla v. Horn*, 355 F.3d 233, 250 (3d Cir. 2004). The Superior Court applied the governing Pennsylvania test and its decision, therefore, cannot be regarded as "contrary to" Supreme Court rulings. Therefore, the dispositive question becomes whether the Superior Court's decision reflects an unreasonable application of the *Strickland* test. To carry his burden, Petitioner "must demonstrate that 'the state court

decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland*.'" *Id.*

In his petition and objections, Petitioner argues that his appellate counsel was ineffective for "failing to challenge the trial court's finding that [the] Parole Agent had reasonable suspicion that petitioner was violating parole by absconding from his approved residence and failing to report to his parole agent as required." Petitioner presented this claim to the state courts in his PCRA petition. In addressing this ineffective assistance of counsel claim, the Superior Court concluded that the argument lacked merit because under applicable law and circumstances, the parole agent had reasonable suspicion to believe that Petitioner committed a parole violation and, thereby, had a legal basis to search Petitioner's residence. The Superior Court further found that Petitioner suffered no prejudice as a result of counsel's failure to raise this issue on appeal, since it lacked merit.

In reaching its decision, the Superior Court recognized that, as a parolee, Petitioner had diminished rights under the Fourth Amendment, such that his parole officer needed only "reasonable suspicion" to justify a search of his person and/or residence. The appellate court concluded that Petitioner's "parole officer had reasonable suspicion to believe that [Petitioner] had violated parole by moving from his listed residence and failing to report for over six months." This conclusion was based on facts and evidence, which Petitioner has not disputed, that showed: (1) that Petitioner had stopped reporting to his parole officer as he was required to do on a weekly basis; (2) that Petitioner's belongings were no longer at the approved residence; (3) that Petitioner's sister had revealed that he no longer lived at his approved, listed residence; (4) that he had been a fugitive for six months; (5) that a confidential informant had told another parole officer that Petitioner had moved to a different location, *i.e.*, the third floor apartment that

was eventually searched, and (6) petitioner was seen leaving the apartment complex, locking the door behind him as he left.

Based upon the totality of this evidence (not challenged here), the Superior Court concluded that the parole officer had reasonable suspicion to believe that Petitioner had violated the terms of his parole by moving from his listed residence without authorization and by failing to report as required for over a period of six months. The Superior Court also found that the parole officer's reasonable suspicion was reasonably related to the search of the apartment because it "was not an approved residence and, based on investigation and surveillance, parole agents had reasonable suspicion to believe that [Petitioner] was in control/possession of the apartment," after watching him leave through the main door and use a key to lock that door. In light of the state courts' stated reasoning and findings, this Court opines that the state court applied the *Strickland* factors to the facts of Petitioner's case in objectively. As such, Petitioner has not met the strict standard necessary for *habeas* relief.

In his second objection, Petitioner argues that the Magistrate Judge incorrectly concluded that his challenge to the discretionary aspects of his sentence is not cognizable on *habeas* review. This objection is without merit.

It is well-settled that "absent a Constitutional violation, a federal court has no power to review a sentence in a habeas corpus proceeding unless it exceeds the statutory limits." *Smith v. Kerestes*, 2009 WL 1676136, at *16 (E.D. Pa. June 15, 2009), *aff'd*, 414 F.App'x 509 (3d Cir. 2011); *see also Jones v. Sup't of Rahway State Prison,* 725 F.2d 40, 43 (3d Cir. 1984) (holding that alleged defects in state court's sentencing procedure constitute state law claims and do not provide a ground for federal *habeas* relief).

9

Here, in his *habeas* petition, Petitioner contends that his sentence was excessive because "the state court misapplied state law." However, Petitioner does not contend that his sentence was outside of statutory limits, but merely challenges the state court's application of state law. In fact, in his petition, Petitioner concedes that his aggregate sentence of nine to eighteen years is within the statutory limit for the charges on which he was convicted.[1] Therefore, this claim is not cognizable by way of a *habeas* petition.

**CONCLUSION**

For the reasons stated herein, Petitioner's objections to Magistrate Judge Hey's Report and Recommendation are overruled, the Report and Recommendation is approved and adopted, and Petitioner's petition for a writ of *habeas corpus* is denied. Because reasonable jurists would not debate this Court's disposition of Petitioner's claims, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[1]     Petitioner was sentenced to five to ten years on the possession with intent to deliver a controlled substance charge, 35 Pa.C.S. §780-113(a)(30), which has a statutory maximum of no more than ten years due to Petitioner's having at least one prior conviction of the same statute. *See* 35 Pa.C.S. §780-115. Petitioner was sentenced to a consecutive term of four to eight years on the possession of a firearm by a prohibited person charge, 18 Pa.C.S. §6105(a)(1), which, as a felony of the second degree, was subject to a statutory maximum of no more than ten years. *See id.* at §6105(a.1)(1); 18 Pa.C.S. §1103(2). Petitioner was sentenced to a concurrent term of one to two years on the possession of a firearm with an obliterated serial number charge, 18 Pa.C.S. §6110.2(a), a felony of the second degree subject to a statutory maximum of no more than ten years. The aggregate sentence imposed was within the statutory limits of the charges.